JAMES E. GRAVES, JR., Circuit Judge,
dissenting in part:
The district court erred in admitting evidence of Muniz-Saavedra’s personal use of cocaine. This error was not harmless. Because I would reverse the district court in part, I respectfully dissent in part.
Rule 404(b)(1) states: “Evidence of a crime, wrong, or other act is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.” Fed. R. Evid. 404(b)(1). However, the evidence may be admissible for other reasons, including “proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.” Fed. R. Evid. 404(b)(2).
This court applies the test outlined in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978), to determine the admissibility of evidence under Rule 404(b). The evidence must be relevant to an issue other than character and the probative value cannot be substantially outweighed by the undue prejudice. Id. The test for relevancy follows the standard set out in Rule 401. Fed. R. Evid. 401. Relevant evidence may be excluded if there is a danger of “unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence” substantially outweighing the probative value. Fed. R. Evid. 403.
This court’s precedent clearly supports the conclusion that Muniz-Saavedra’s personal use of cocaine was not relevant to his intent and its probative value was substantially outweighed by undue prejudice. See United States v. McDonald, 905 F.2d 871 (5th Cir. 1990). Further, as this court said in McDonald, “[w]e think this evidence was only truly probative of McDonald’s character—i.e., a drug user is more likely to be involved in a deal like this than a non-drug user.” Id. at 875. That is exactly what the government argued here at trial—that Muniz-Saavedra was more likely to be involved in this because he had used cocaine, saying: “[O]ur position is that if he’s a user of cocaine, well, then he necessarily has to possess that cocaine to use that cocaine. If he possesses that cocaine, well, he possesses it in violation of law.”
Notwithstanding that someone may ingest drugs without prior possession, there is no evidence here indicating that Muniz-Saavedra was receiving any cocaine pursuant to this incident or had used cocaine for nearly two months. Further, the government acknowledged at trial that, “[t]here are no other statements from the Defen *220 dant anywhere indicating or—to agents that he knew about the cocaine in the vehicle.”
With regard to whether the cocaine use was relevant to show his financial motive for committing the offenses, this court follows the test in United States v. Kinchen, 729 F.3d 466, 473 (5th Cir. 2013).
We consider several factors in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value: (1) the government’s need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court’s limiting instructions.

Id.

The government had no need for the evidence of drug use because they had other evidence—the line of credit at the furniture store[1]—which they claim shows financial motive. The cocaine use was only truly probative of Muniz-Saavedra’s character, “i.e., a drug user is more likely to be involved in a deal like this than a non-drug user.” McDonald, 905 F.2d at 875. Further, there is no indication of whether the limiting instruction diminished the prejudicial effect or to what extent. Kinchen, 729 F.3d at 474. As for the amount of time separating the offenses, Muniz-Saavedra said that he had last used cocaine on July 8 or 9, 2013, on the anniversary of his brother-in-law’s death. He was arrested at the border check point on August 31, 2013. All of these factors support the conclusion that the probative value was substantially outweighed by undue prejudice. See also Fed. R. Evid. 403.
For these reasons, I would conclude that the district court erred in allowing the admission of evidence of Muniz-Saavedra’s personal use of cocaine. Further, I would conclude that the error was not harmless.
An error is harmless unless it affects a defendant’s substantial rights. See Fed. R. Crim. P. 52(a); see also McDonald, 905 F.2d at 876. “An error affects substantial rights if there is a reasonable probability that the improperly admitted evidence contributed to the conviction.” United States v. Sumlin, 489 F.3d 683, 688 (5th Cir. 2007). Muniz-Saavedra’s testimony and assertions were much more credible and plausible than McDonald’s.
“The leap is too large” between evidence that Muniz-Saavedra used cocaine in the past and “an inference that he therefore likely knew [the van] contained drugs.” See McDonald, 905 F.2d at 875. Based on all of this, there’s a reasonable probability that the improperly admitted evidence of cocaine use contributed to Muniz-Saavedra’s conviction. Accordingly, the error was not harmless.
Thus, I respectfully dissent in part.

. Muniz-Saavedra had a less than $200 monthly payment that had been consistent for some three years.